UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERMAINE NATHANIEL GLYNN,

Plaintiff,

-against-

ROWAN WILSON, Chief Judge NYS Court of
Appeals, et al.,

Defendants.

ORDER OF DISMISSAL

26 Civ. 3155 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is appearing *pro se*, asserts claims against Rowan Wilson, the Chief Judge

of the New York Court of Appeals, New York Governor Kathy Hochul, and the "People of the

New York State Board of Law Examiners." By separate order, the Court granted Plaintiff's request

to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses

the complaint for the reasons set forth below.

## I.    BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff references a "NYS bar

admission federal motion," and refers to himself as Judge Jermaine Nathaniel Glynn. (ECF No. 1

at 5.) He asserts that

> Supreme and inferior courts shall hold his offices during good behaviour and shall
> at stated times receive for his services a $200 000 000 000 gross domestic produce
> compensation which shall not be dimished during his continuance in office. No
> state shall make or enforce any law which shall abridge the privileges and
> immunities of citizen of the United States Jermaine Nathaniel Glynn nor shall any
> state deprive Jermaine Nathaniel Glynn of life liberty and property against due
> process of law nor deny Jermaine Nathaniel Glynn within it's jurisdiction the equal
> protection of the laws.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the
original unless noted otherwise.

must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

### III.    PLAINTIFF'S CLAIMS ARE FRIVOLOUS

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious.  28 U.S.C. §1915(e)(2)(B)(i).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'— that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint appears to be premised upon his belief that he is, or should be, a judge and that he is entitled to a salary that cannot be diminished so long as he holds that office.  A "[p]laintiff's beliefs—however strongly he may hold them—are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022).  Plaintiff provides no factual basis for his assertions that he is or should be a judge, or that he is entitled to a judge's salary. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF),

2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

Plaintiff does not provide any plausible factual support for his claims and the claims rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff's allegations are conclusory and implausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

## IV.    LEAVE TO AMEND IS DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## V.    CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   April 20, 2026
         New York, New York

GEORGE B. DANIELS
United States District Judge